UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOV SERVICES, INC., and LASON INDIA PRIVATE LTD., <br><br> **Plaintiffs,** <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, <br><br> **Defendant.** | Civil Action No. <br><br><br> **FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiffs HOV Services, Inc. ("HOV"), a Delaware corporation and Lason India Private Ltd., successor in interest to Vetri Software India Ltd., an Indian corporation authorized to do business in the State of New Jersey as HOV Services, Inc., f/k/a Lason Systems, Inc. ("Lason") (together, "Plaintiffs"), as and for their First Amended Complaint against Defendant Cognizant Technology Solutions Corporation ("Defendant" or "CT") state the following:

## NATURE OF THE ACTION

1. Plaintiffs bring this action in response to the persistent efforts by their direct competitor, Defendant CT, to cripple Plaintiffs' business on a global scale and to destroy Plaintiffs' competitive advantage by, among other things, systematically and wrongfully targeting and luring away in excess of 51 employees from Plaintiffs while simultaneously misappropriating and unlawfully using Plaintiffs' confidential and proprietary business information.

2. Upon information and belief, CT has directed its raid and illegal actions to acquire Plaintiffs' confidential and proprietary business information from its corporate headquarters in Teaneck, New Jersey, where the proceeds of such activities ultimately flow as well.

3.      CT has conducted its raid through personal off-premise meetings, telephone calls and emails with targeted employees with the design and intent to systematically induce HOV and/or Lason employees to terminate their employment with HOV and/or Lason and thereby cripple, irreparably harm and/or destroy Plaintiffs' business. The HOV and/or Lason employees who defected have/are soliciting other HOV and/or Lason employees in Chennai, India in furtherance of Defendant's scheme. Indeed, those individuals who conspired with Defendant are attempting to destroy Plaintiffs' business including their employee base which Plaintiffs have spent an extraordinary amount of time and money training, developing and maintaining only to see them secretly contacted and solicited by Defendant.

4.      Defendant and certain of its agents have also induced current and former HOV and/or Lason employees to provide Defendant, in breach of their common law and contractual duties to HOV and/or Lason, vital confidential and proprietary information concerning 450 employees of HOV and/or Lason including their names, detailed salary and bonus compensation data, working days, per day targets, number of documents produced per month, production efficiencies and various customer project names. This employee information is critical to the success and profitability of Plaintiffs in the highly competitive business process outsourcing industry and Defendant misappropriated this confidential and proprietary information for the improper and unlawful purpose of crippling, irreparably harming and/or destroying Plaintiffs' business.

5.      Defendants' raid against Plaintiffs' operations is ongoing as, upon information and belief, Defendant CT continues to use Plaintiffs' confidential information to solicit Plaintiffs' employees and damage Plaintiffs' business. Specifically, within the past month Defendant has improperly lured away and hired at least eight (8) more of HOV and/or Lason's

employees. As a direct result, Plaintiffs face the imminent, irreparable crippling of their business, goodwill, reputation and customer relationships.

6. Accordingly, this is an action seeking injunctive relief and damages arising out of Defendant's unlawful solicitation of HOV and/or Lason's employees for the purpose of disabling direct competition with Plaintiffs, conversion of Plaintiffs' confidential and proprietary information, tortious interference with Plaintiffs' prospective economic advantage and contractual relations with employees and clients, disclosure and use of confidential and proprietary information and the unlawful, willful, wanton and malicious corporate raid of Plaintiffs' business operations.

7. This action also seeks damages arising out of Defendant's wrongful and malicious use of HOV and/or Lason employees to access one or more HOV and/or Lason computers and databases in order to email to Defendant copies of employee lists and other confidential and proprietary information in violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, <u>et</u> <u>seq.</u> and the New Jersey Computer Related Offenses Act, N.J.S.A. 2A:38-1, <u>et</u> <u>seq.</u>

## THE PARTIES

8. HOV is a Delaware corporation and parent of Lason India Private Ltd., successor in interest to Vetri Software India Ltd., an Indian corporation authorized to do business in the State of New Jersey as HOV, f/k/a Lason Systems, Inc. HOV maintains offices around the world, including in North America. Lason maintains an office in Chennai, India.

9. Upon information and belief, Defendant CT is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 500 Frank W. Burr Boulevard, Suite 50, Teaneck, New Jersey 07666.

10. Although not a named defendant herein, Arun S.P. ("Arun") is a former member of Plaintiffs' management group in Chennai, India and played an integral part in Defendant's scheme to solicit HOV and/or Lason's employees away from HOV and/or Lason to Defendant, its competitor, with the sole intention of causing an adverse impact on Plaintiffs. Arun had been employed with Plaintiffs for approximately six years and most recently as Deputy Senior Manager.

11. Upon information and belief, Arun is currently employed by Defendant CT.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because of the claim asserted herein arising under the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq.

13. This Court can also exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) insofar as Plaintiffs' state law claims derive from a common nucleus of operative facts as its federal law claims and form part of the same case or controversy.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) because Defendant resides in and operates from its principal place of business in the State of New Jersey.

## FACTS COMMON TO ALL COUNTS

A.   THE BUSINESS PROCESS OUTSOURCING INDUSTRY

15. Business process outsourcing involves the contracting of the operations and responsibilities of specific business functions or processes to a third-party service provider, which in many instances is located outside the country where the contracting company is headquartered.

16. Worldwide, business process outsourcing is a highly competitive, multi-billion dollar industry.

17. In so far as business process outsourcing is a service based industry, the two most critical assets of any outsourcing company are its client relationships and its employees.

18. Plaintiffs operate a business process outsourcing company that offers transaction management (e.g., accounts payable, accounts receivable management, payer/provider healthcare services), risk management (e.g., employee screening, construction services, collection management) and content management (e.g., document management) services to companies worldwide across key verticals such as financial, telecommunications, healthcare, insurance, construction, publishing, accounting and government.

19. Defendant CT is a direct competitor of Plaintiffs providing similar global business process outsourcing services across various industries all over the world including banking and finance, communications and technology, energy and utilities, insurance, life sciences and manufacturing.

**B. DEFENDANT'S UNLAWFUL RAID OF HOV'S EMPLOYEES**

20. Beginning in our about 2007, Defendant has instituted a clandestine operation to raid HOV and/or Lason's employee bases in an effort to cripple Plaintiffs' status as direct competitors and unfairly compete with Plaintiffs for the same client contracts.

21. Upon information and belief, Defendant set its covert actions into motion by approaching Arun S.P. ("Arun"), a former member of Plaintiffs' management group in Chennai, India.

22. As a member of Plaintiffs' Management Group, Arun had access to and utilized Plaintiffs' proprietary and confidential information, including its database of customers and

identified prospects, customer contact information, specific transaction details, pricing information as well as detailed, client-specific personnel information.

23. To protect Plaintiffs' confidential business information, Plaintiffs required Arun, as a condition of his continued employment, to sign a Non-Disclosure, Proprietary and Confidential Information and Inventions Policy ("NDA"), dated January 30, 2003. A true and complete copy of Arun's NDA is attached hereto as Exhibit A.

24. In his NDA, Arun agreed to certain post-employment covenants which prohibited him from disclosing Plaintiffs' confidential information, interfering with Plaintiffs' business and interfering with or recruiting HOV and/or Lason employees or agents.

25. After Arun terminated his employment with Plaintiffs in 2007 and joined Defendant, he immediately began a persistent and systematic effort to lure away Plaintiffs' employees from its Chennai, India headquarters.

26. Through Arun, Defendant approached other HOV and/or Lason employees with offers of employment to poach them away from Plaintiffs and offer them jobs with Defendant's Chennai, India office. Defendant orchestrated these efforts in order to cripple Plaintiffs' business on a global scale and to destroy Plaintiffs' competitive advantage by systematically and wrongfully targeting and luring away key employees from Plaintiffs.

27. By December 2008, Defendant, with Arun's assistance and cooperation, had successfully targeted and hired approximately 17 senior-level employees from HOV and/or Lason - many of whom had also executed NDAs with Plaintiffs.

28. In 2009, the execution of the raid continued as Defendant lured away an additional 21 employees from HOV and/or Lason, including both senior-level and support employees.

29. As a result of Defendant's persistent and systematic raids, Lason sent a letter to Defendant's human resource center, located in Chennai, India, on August 19, 2009, notifying Defendant that certain former Lason employees (and currently employed with Defendant) had been contacting Lason's current employees to lure them away from Lason to join Defendant. Lason's letter further instructed that Lason had previously contacted and addressed with Defendant its employee poaching practices and advised, at that time and again therein, that such activity was an unethical business practice.

30. Ignoring the directive in Lason's August 19, 2009 letter, upon and information and belief, Arun and other former Lason employees at the direction of Defendant continued to contact current Lason employees to induce them to join Defendant.

C. **DEFENDANT INTENSIFIES ITS ATTACK AND UNLAWFULLY OBTAINS PLAINTIFFS' CONFIDENTIAL AND PROPRIETARY INFORMATION**

31. In June 2010, Defendant CT intensified its clandestine attacks on Plaintiffs and unlawfully obtained Plaintiffs' confidential and proprietary information.

32. Specifically, in or about June 2010, Defendant induced and directed then-current HOV and/or Lason employees to transfer, through Plaintiffs' email system, to Defendant vital confidential and proprietary information concerning 450 HOV and/or Lason employees including their names, detailed salary and bonus compensation data, working days, per day targets, number of documents produced per month, production efficiencies and various customer project names ("Plaintiffs' Employee Data").

33. Plaintiffs' Employee Data is maintained exclusively on Plaintiffs' computer systems and is not readily accessible by other parties, nor can it be obtained from other sources or duplicated.

34. Plaintiffs' Employee Data is essential to the operation of Plaintiffs' business and constitutes valuable trade secrets and confidential and proprietary information acquired by Plaintiffs at great time, effort and expense.

35. Plaintiffs' analysis and review of the integrity of their computer systems is ongoing and Plaintiffs are uncertain at this time if Defendant has also unlawfully obtained other confidential and proprietary information in addition to Plaintiffs' Employee Data.

36. Evidence of Defendant's computer raid and misappropriation of Plaintiffs' Employee Data was so evident that certain former Lason employees confessed to sending Plaintiffs' confidential and proprietary information to Defendant and, as a result, their Lason employment was terminated.

37. By these acts, Defendant wrongfully and maliciously obtained Plaintiffs' Employee Date for the improper and unlawful purpose of continuing its efforts to target and lure away select HOV and/or Lason employees who were extensively trained by HOV and/or Lason, at considerable time, effort and expense.

38. Through November 2010, and acting through Arun and other former HOV and/or Lason employees, Defendant has approached and successfully lured away 43 employees, most of whom were senior-level employees, from Lason's Chennai, India headquarters.

39. Defendant's raid against Plaintiffs is ongoing and Defendant continues to unlawfully possess Plaintiffs' confidential and proprietary information.

40. Specifically, as a result of the foregoing, on November 16, 2010, counsel for Plaintiffs sent a letter to Gordon Coburn, the Chief Financial Officer for CT, located in Teaneck, New Jersey, requesting, <u>inter alia</u>, that CT cease its unlawful raid against Plaintiffs and purge its

database (corporate and personal) of Plaintiffs' confidential information. A copy of the aforesaid letter is attached hereto as Exhibit B.

41. Notwithstanding Plaintiffs' written and verbal requests to date, CT has not confirmed (a) that it has purged its corporate (or the offending CT employees' personal) databases of Plaintiffs' confidential data; or (b) that CT's agents and employees have been instructed to cease using Plaintiffs' confidential data to compete unlawfully with Plaintiffs including the unlawful solicitation of Plaintiffs' employees.

42. In fact, during the week of January 3, 2011, CT hired at least eight (8) more of Plaintiffs' employees immediately after each employee completed training provided by Plaintiffs, at Plaintiffs' considerable time, effort and expense.

### FIRST CAUSE OF ACTION
### (Violation of Federal Computer Fraud and Abuse Act)
### *18 U.S.C. § 1030, et seq.*

43. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 42 of the Amended Complaint as if set forth herein.

44. Plaintiffs' computers on which Plaintiffs' Employee Data is maintained are used in both interstate and foreign commerce and therefore are protected as defined by 18 U.S.C. § 1030, et seq.

45. Defendant directed and induced HOV and/or Lason employees to access one or more protected computers in violation of 18 U.S.C. § 1030, et seq. and, as a result, Defendant obtained confidential and proprietary information belonging to Plaintiffs without authorization and by exceeding the authorization that HOV and/or Lason granted to their employees for the purpose of causing harm to Plaintiffs.

46.     Defendant took such actions knowingly and with the intent to recklessly cause damage to Plaintiffs and for the sole purpose of obtaining a commercial advantage and/or financial gain.

47.     As a direct and proximate result of Defendant's aforesaid conduct, Plaintiffs have sustained damage or loss of not less than $5,000.00, within the meaning of 18 U.S.C. § 1030.

48.     As a direct and proximate result of Defendant's conduct, Defendant intended to wrongfully obtain, and in fact, did obtain something of value that belonged to Plaintiffs and that has value well in excess of $5,000.00.

49.     As a further direct and proximate result of Defendant's aforesaid conduct, Plaintiffs have suffered and will continue to suffer substantial additional losses well in excess of $5,000.00, including but not limited to losses sustained in responding to Defendant's actions, investigating Defendant's actions and taking remedial steps to prevent Defendant's further offenses.

50.     Defendant's misappropriation of Plaintiffs' valuable trade secrets and confidential and proprietary information and continued unfair competition has caused Plaintiffs damages in an amount which may not be determinable, and as a result Plaintiffs have suffered and continue to suffer irreparable harm in the loss of employees and damage to their business.

51.     To the extent that damages resulting from Defendant's misappropriation of Plaintiffs' valuable trade secrets and confidential and proprietary information and continued unfair competition are calculable, Plaintiffs seeks an award of such damages in an amount to be determined by the Court.

**SECOND CAUSE OF ACTION**
(Violation of New Jersey Computer Related Offenses Act)
*N.J.S.A. 2A:38-1, et seq.*

52. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 51 of the Amended Complaint as if set forth herein.

53. HOV and Lason are both an "enterprise" as that term is used within the New Jersey Computer Related Offenses Act, N.J.S.A. 2A:38-1, et seq. ("the Act").

54. Defendant is an "actor" as that term is used within the Act.

55. In violation of the Act, Defendant purposely or knowingly, and without authorization, accessed Plaintiffs' computers without authorization, took all or a portion of Plaintiffs' confidential and proprietary information, as more fully alleged above, and used the data to obtain a competitive advantage and compete unfairly with Plaintiffs.

56. These violations of the Act have caused monetary and non-monetary harm to Plaintiffs.

57. Defendant's misappropriation of Plaintiffs' valuable trade secrets and confidential and proprietary information and continued unfair competition has caused Plaintiffs damages in an amount which may not be determinable, and as a result Plaintiffs have suffered and continue to suffer irreparable harm in the loss of employees and damage to their business.

58. Accordingly, Plaintiffs are entitled to injunctive relief pursuant to Section 5 of the Act.

59. To the extent that damages resulting from Defendant's misappropriation of Plaintiffs' valuable trade secrets and confidential and proprietary information and continued unfair competition are calculable, Plaintiffs seek an award of such damages in an amount to be determined by the Court.

## THIRD CAUSE OF ACTION
### (Unfair Competition)

60.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 59 of the Amended Complaint as if set forth herein.

61.     Defendant employed unlawful means to lure away HOV and/or Lason employees and used former senior-level and current HOV and/or Lason employees to assist Defendant CT in carrying out its unlawful corporate raid of Plaintiffs and illegal procurement of Plaintiffs' valuable trade secrets and confidential and proprietary information.

62.     During their employment with HOV and/or Lason, Plaintiffs' employees had access to vast amounts of proprietary and confidential information belonging exclusively to Plaintiffs, which information included valuable human resource information relating to confidential employee names, detailed salary and bonus compensation, working days, per day targets, number of documents produced per month, production efficiencies and various customer project names.

63.     That proprietary and confidential information was not known outside of Plaintiffs. Such information is of great value to Plaintiffs and would be of great value to Plaintiffs' competitors.  Plaintiffs went to great measures to protect that information.

64.      In order to protect its confidential and proprietary interests, Plaintiffs' employees with access to Plaintiffs' confidential information, including Arun, are required to execute NDAs which contain: (i) an express prohibition on the use or disclosure of any confidential or proprietary information either while employed or at any time thereafter; (ii) obligations of faithful and loyal service; and (iii) post-termination restrictive covenants (typically including a blanket prohibition on disclosing Plaintiffs' confidential information).

65. At Defendant's request and direction, Plaintiffs' employees misappropriated and exploited Plaintiffs' confidential and proprietary information by sharing it with Defendant to assist in its unlawful scheme to raid and destroy Plaintiffs' business. Defendant knowingly obtained confidential and proprietary information with the intent to harm Plaintiffs by stealing its employees.

66. Defendant's wrongful and fraudulent use of Plaintiffs' confidential and proprietary information constitutes unfair competition, which has damaged and continues to damage Plaintiffs.

67. Defendant's unfair competition is ongoing and, unless enjoined, Defendant will continue to cause irreparable harm and injury for which Plaintiffs may have no adequate remedy at law.

68. To the extent that damages resulting from Defendant's continued unfair competition are calculable, Plaintiffs' seek an award of such damages in an amount to be determined by the Court.

## FOURTH CAUSE OF ACTION
**(Misappropriation and Misuse of Confidential & Proprietary Business Information)**

69. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 68 of the Amended Complaint as if set forth herein.

70. Defendant possesses confidential information that belongs exclusively to Plaintiffs and which is crucial to the successful operation of Plaintiffs' business including, but not limited to, proprietary information relating to employee names, detailed salary and bonus compensation, working days, per day targets, number of documents produced per month, production efficiencies and various customer project names – Plaintiffs' Employee Data.

71. Defendant obtained Plaintiffs' confidential information through its improper solicitation of Plaintiffs' employees including inducing then-current HOV and/or Lason employees to transfer, through email, to Defendant vital confidential and proprietary information concerning 450 HOV and/or Lason employees including their names, detailed salary and bonus compensation data, working days, per day targets, number of documents produced per month, production efficiencies and various customer project names.

72. Upon information and belief, Defendant misappropriated Plaintiffs' confidential and proprietary information by providing economic incentives and rewards to certain of Plaintiffs' employees to breach their common law and contractual duties to Plaintiffs.

73. Defendant's misappropriation of Plaintiffs' trade secrets and confidential and proprietary information is ongoing and, unless enjoined, Defendant will continue to cause irreparable harm and injury for which Plaintiffs may have no adequate remedy at law.

74. To the extent that damages resulting from Defendant's misappropriation of Plaintiffs' valuable trade secrets and confidential and proprietary information and continued unfair competition are calculable, Plaintiffs seek an award of such damages in an amount to be determined by the Court.

**FIFTH CAUSE OF ACTION**
**(Conversion)**

75. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 74 of the Amended Complaint as if set forth herein.

76. Defendant has wrongfully retained and used for its own purpose Plaintiffs' confidential and proprietary business information without the consent of Plaintiffs.

77. Said conversion by Defendant was committed maliciously and for the sole purpose of inflicting harm on its competitor, Plaintiffs, and/or to benefit itself at the expense of Plaintiffs.

78. As a direct and proximate result of Defendant's conversion of their confidential and proprietary business information, Plaintiffs have suffered damages.

## SIXTH CAUSE OF ACTION
### (Tortious Interference)

79. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 78 of the Amended Complaint as if set forth herein.

80. Defendant has intentionally, maliciously and with blatant disregard for the rights of Plaintiffs, encouraged and solicited the services of HOV's and/or Lason's current and former employees and others so that they would reveal the confidential, proprietary and other business information that was obtained by them during their relationship with Plaintiffs and assist in Defendant's business endeavors by unfairly and unlawfully competing with Plaintiffs.

81. Additionally, Defendant has knowingly and intentionally interfered with the contractual relationships between Plaintiffs and their employees. This interference has included, but is not limited to, soliciting and inducing Plaintiffs' employees to wrongfully and maliciously obtain Plaintiffs' Employee Date for the improper and unlawful purpose of continuing its efforts to target and lure away select Plaintiffs' employees who were extensively trained by Plaintiffs, at considerable time effort and expense.

82. By reason of the foregoing, Defendant has tortiously interfered with the contractual relationships of Plaintiffs and the prospective economic advantage Plaintiffs would have derived from those relationships.

83. As a direct and proximate result of Defendant's tortuous interference with the contractual relationships of Plaintiffs and the prospective economic advantage Plaintiffs would have derived from those relationships, Plaintiffs have suffered damages.

## SEVENTH CAUSE OF ACTION
(Raiding)

84. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 83 of the Amended Complaint as if set forth herein.

85. Defendant has targeted Plaintiffs for the raiding and pirating of their employees and, upon information and belief, has plans to engage in a further campaign against Plaintiffs using the wrongful and improper conduct described above in order to recruit a large number of Plaintiffs' workforce from Plaintiffs over to Defendant for the improper purpose of injuring Plaintiffs and/or to benefit Defendant at the expense of Plaintiffs.

86. Defendant was at all times aware that its use of current HOV and/or Lason employees in its raids was improper and would cause them to breach a number of legal duties (both common law duties and contractual obligations) owed to Plaintiffs.

87. Defendant's conduct amounted to an unlawful corporate raid of Plaintiffs' business operations and its actions were willful, wanton and malicious. Defendant's unlawful actions were intended to cripple and perhaps destroy the competitive advantage of Plaintiffs– a direct competitor in the business process outsourcing industry.

88. Defendant's raiding activities are ongoing and, unless enjoined, Defendant will continue to cause irreparable harm and injury for which Plaintiffs may have no adequate remedy at law.

89. To the extent that damages resulting from Defendant's unlawful raiding are calculable, Plaintiffs seek an award of such damages in an amount to be determined by the Court.

**PRAYER FOR RELIEF**

**WHEREFORE**, HOV Services, Inc. and Lason India Private Ltd., successor in interest to Vetri Software India Ltd., hereby demand judgment against Cognizant Technology Solutions Corporation for:

A. The issuance of an Order enjoining Cognizant Technology Solutions Corporation as well as all persons and entities acting in concert or participation with it, from engaging in the systematic poaching of employees and misappropriation of Plaintiffs' confidential and proprietary information and commanding it to return any and all databases, documents or lists in its possession or control that contain confidential and proprietary business information concerning the activities, personnel or affairs of HOV Services, Inc. and/or Lason India Private Ltd.;

B. An award of damages, in an amount to be determined at trial, incurred by HOV Services, Inc. and/or Lason India Private Ltd. as a result of Cognizant Technology Solutions Corporation's unlawful actions;

C. Punitive damages against Cognizant Technology Solutions Corporation for its willful and malicious conduct;

D. An accounting and disgorgement of any profits earned by Cognizant Technology Solutions Corporation as a result of its unlawful actions;

E. All costs and disbursements, including reasonable attorneys' fees and expenses, prejudgment interest and all other sums provided for under the law; and

F. Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Rule 38.1, Plaintiffs HOV Services, Inc. and Lason India Private Ltd., successor in interest to Vetri Software India Ltd., hereby demand a trial by jury upon each of the causes of action so triable.

                Respectfully submitted,

                /s/ John P. Leonard_____
                John P. Leonard, Esq.
                McElroy, Deutsch, Mulvaney & Carpenter, LLP
                1300 Mount Kemble Ave.
                P.O. Box 2075
                Morristown, New Jersey 07962-2075
                Tel: (973) 993-8100
                Fax: (973) 425-0161
                Email: Jleonard@mdmc-law.com

Date:  January 13, 2012